UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN GAUSE #210076,

            Plaintiff,        Civil Action No. 13-cv-11152
                                   Honorable Patrick J. Duggan
                                   Magistrate Judge David R. Grand
    v.

LATOYA ELLIS, *et al.*,

            Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [9]

### I.    RECOMMENDATION

Before the Court is Defendants Latoya Ellis, Avar Patrice Laws-Wright, Michael Clothier and Denise Allsberry's Motion for Summary Judgment [9], referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [10]. The Court finds that the facts and legal issues are adequately presented in the briefs and on the record, and it accordingly declines to order a hearing at this time. E.D. Mich. LR 7.1(f)(2). For the following reasons, the Court recommends GRANTING Defendants' Motion.

### II.    REPORT

Plaintiff John Gause brings this case alleging violations of his civil rights arising out of a parole revocation hearing. [1]. On May 20, 2013, Defendants filed a motion for summary judgment. [9]. Gause responded on July 10, 2013, after receiving an extension of time to do so. [17, 19]. In the interim, the Court granted Defendants' Motion to Stay Discovery, pending the outcome of the instant motion. [18].

### A. Background

When Gause filed this complaint he was an inmate at the G. Robert Cotton Correctional Facility in Jackson, Michigan.[1] At all times relevant to this lawsuit, defendant LaToya Ellis was a parole/probation officer with the Detroit Metro District Parole Office in Lawton, Michigan. (Ellis Aff. ¶1). Defendant Michael Clothier was a Parole Specialist for Field Operations Administration, responsible for representing the State in contested administrative hearings on complaints of parole violations. (Clothier Aff. ¶1). Defendant Avar Patrice Laws-Wright was the hearing officer who presided over Gause's parole revocation hearings. (Cplt.¶¶7-8, 12). Defendant Denise Allsberry was a supervisory official at the Michigan Department of Corrections whose role, at least here, was to respond to prisoner grievances. (Cplt. ¶14).

On February 22, 2012, while Gause was on parole, his girlfriend Brittany Spiewak reported to the Metro District Parole Office that Gause assaulted her and damaged her cell phone. (Ellis Aff. ¶1). In response to Spiewak's complaint, on February 27, 2012, Gause was detained on three parole violation charges, including assault, damaging a cell phone, and violating state law. (*Id.*). A fourth charge for failing to report police contact was added, but Gause disputes being served with this charge. (Ellis Aff. ¶5; Gause Aff. ¶5). Gause remained in custody prior to his parole violation hearing. (Ellis Aff. ¶4; Gause Aff. ¶4).

On April 2, 2012, Gause was informed by his attorney that Spiewak did not appear for his parole hearing, and that defendant Clothier had offered Gause six months re-parole in exchange for a guilty plea to a count of failing to report police contact to his probation officer after the assault. (Gause Aff. ¶ 6). Gause declined that offer because, according to him, he was never served with this fourth count and was never in police custody after the assault. (Clothier Aff. ¶3;

---

[1] http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=210076

Gause Aff. ¶6). Defendant Clothier then informed Gause that he would be dismissing the charges and that defendant Ellis would re-issue the charges, including the fourth count of failing to report police contact. (Clothier Aff. ¶4; Gause Aff. ¶9). The charges were dismissed at the hearing. (Gause Aff. ¶8).

The next day, on April 3, 2012, defendant Clothier re-served Gause with the original three charges and the fourth charge of failing to report police contact was added. (Clothier Aff. ¶5; Gause Aff. ¶11). According to Gause, he then asked Clothier if re-charging him "was personal," and Clothier responded that it was, and that Gause should have taken his plea offer of six months re-parole. (Gause Aff. ¶12). According to Clothier, this exchange never occurred and while he acknowledges Gause was re-charged with all four counts, he states that he acted at all times in his capacity of prosecuting the parole violations and in accordance with due process rights afforded parolees. (Clothier Aff. ¶6).

Gause filed a grievance against both Clothier and Ellis for re-charging him with the parole offenses, alleging conspiracy and due process violations. (Gause Aff. ¶13). Gause's grievance was denied by defendant Allsberry, who stated that no due process rights were violated and that Ellis and Clothier had performed their duties in accordance with MDOC policy directives. (Gause Aff. ¶14). On May 17, 2012, a second parole revocation hearing was held. (Gause Aff. ¶15; Ellis Aff. ¶13). Again, complaining witness Spiewak did not appear to testify against Gause. (Ellis Aff. ¶14; Gause Aff. ¶16). Despite her absence, Gause was found guilty by defendant Laws-Wright of assault and not reporting police contact. (Gause Aff. ¶17). As a result, his parole was revoked and he was returned to prison. (Def. Mot. Exh. 5 at 5).

Gause appealed his parole revocation, arguing that his due process rights were violated because he was not permitted to confront the witness against him at the hearing. (Def. Mot. Exh.

3

5). On November 19, 2012, an Ingham County, Michigan court agreed, reversed the Parole Board's revocation decision and ordered a new hearing where the complaining witness had to be present. (*Id.* at 9). The Ingham County court further ordered that the Michigan Department of Corrections correct Gause's record to remove the parole revocation. (*Id.*). While not specifically stated by either party, it appears, from the context of the pleadings and the parties' respective factual summaries, that Gause remained in prison from the date of his initial charging through at least the date of his successful appeal in state court.[2]

Gause filed the instant action alleging violations of his due process rights under the U.S. Constitution. [1]. He alleges that defendants Ellis and Clothier violated his due process rights by re-charging him with the same parole violations after previously dismissing them. (*Id.*).[3] Gause further alleges that defendants Ellis, Clothier and Laws-Wright violated his due process rights when they continued to hold the parole revocation hearing in which Laws-Wright ultimately found him guilty of a violation, without the presence of the sole complaining witness.[4] Finally, Gause alleges that defendant Allsberry violated his due process rights when she denied his prison grievance.

Defendants move for summary judgment, first arguing that because Gause was able to successfully appeal his parole revocation to state court, he was sufficiently afforded due process. Alternatively, Defendants assert that they are immune from suit, either by way of absolute or qualified immunity. In response, Gause merely asserts that there are material facts in dispute. [19 at 7-8]. However, he actually points only to one – whether Defendant Clothier stated that the

---

[2] According to the Defendants' brief, as of its filing, Gause was still on parole.

[3] As discussed below, the Court interprets this to be a claim that Gause's rights under the Fifth Amendment's "Double Jeopardy Clause" were violated.

[4] The Court interprets this to be a claim that Gause's rights under the Sixth Amendment's "Confrontation Clause" were violated.

charges were "personal." Gause otherwise raises only legal issues, such as whether the Defendants are entitled to immunity.

> B.    **Legal Standard**

Federal Rule of Civil Procedure 56 provides that "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In determining whether a genuine issue of material fact exists, the Court assumes the truth of the non-moving party's evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party. *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006); *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

In response to a summary judgment motion, the opposing party may not rest on its pleadings nor "'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the

motion." *Alexander*, 576 F.3d at 558 (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)). Indeed, "'[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion.'" *Id*. (quoting *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009)). "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Id*. at 560 (citing *Lewis v. Philip Morris, Inc.*, 355 F.3d 515, 533 (6th Cir. 2004)).

**C.     Analysis**

      **i.     Gause's Successful Appeal of His Parole Violation Conviction Does Not Mean His Due Process Rights Could Not Have Been Violated**

Defendants' first argument is that Gause's due process rights were not violated because he ultimately prevailed on direct appeal. This "argument," for which Defendants present no legal support whatsoever, is without merit. "To make out a claim for a violation of procedural due process, the plaintiff has the burden of showing that '(1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the property interest.'" *EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012) (quoting *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006)). Simply because an individual has avenues of redress with which to appeal an adverse outcome that was the product of a due process violation, does not excuse the due process violation in the first instance or mean that no liberty deprivation occurred. A successful appeal does nothing to recapture the time lost during the period the individual was deprived of his liberty – for instance when he is wrongly jailed – due to what was ultimately deemed on direct appeal to be a violation of a constitutional right. To hold otherwise would render § 1983 toothless.

### ii. Defendants Laws-Wright, Ellis and Clothier Are Each Immune from Gause's Suit

Defendants' second argument is that they are each immune from Gause's suit. As the Sixth Circuit explained in *Dean v. Byerley*, 354 F.3d 540, 553-54 (6th Cir. 2004) (internal citations omitted):

> Even if the plaintiff in a § 1983 claim establishes that the defendant violated his federal rights under color of state law, the defendant may raise an immunity defense. The Supreme Court has recognized two kinds of immunity defenses. First, '[f]or officials whose special functions or constitutional status requires complete protection from suit, we have recognized the defense of 'absolute immunity.'" For example, the Supreme Court has recognized the defense of absolute immunity for legislators performing legislative functions, judges performing judicial functions, prosecutors performing prosecutorial functions, and the President of the United States in his official capacity. The defense of absolute immunity provides a shield from liability for acts performed erroneously, even if alleged to have been done maliciously or corruptly. Second, '[g]overnment officials who perform discretionary functions are generally entitled to qualified immunity and are protected from civil damages so long as 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"

"The burden of justifying absolute immunity rests on the official asserting the claim." *Harlow v. Fitzgerald*, 457 U.S. 800, 812 (1982). Conversely, where the government official is asserting the defense of qualified immunity, the burden rests on the §1983 plaintiff to show that no such immunity applies. *Reilly v. Vadlamudi*, 680 F.3d 617, 623 (6th Cir. 2012) (citing *Untalan v. City of Lorain*, 430 F.3d 312, 314 (6th Cir. 2005)). The Court will address each of the Defendants' respective immunity arguments in turn.

#### a. Defendant Laws-Wright is Entitled to Absolute Immunity

Defendant Laws-Wright argues that she is absolutely immune from suit pursuant to her role as a parole hearing officer, which is judicial in nature. The United States Supreme Court has

held that judges are absolutely immune from damages suits arising from "acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). This is because the principle of independent judicial decision-making "is so important to our system of jurisprudence that judicial immunity even extends to allegations of judicial acts done incorrectly, maliciously or corruptly." *King v. Caruso*, 542 F. Supp. 2d 703, 728 (E.D. Mich. 2008) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). The Supreme Court has stated that parole hearing officers acting in a capacity functionally comparable to a judge, are entitled to absolute immunity from Section 1983 suits. *Butz v. Economou*, 438 U.S. 478, 513 (1978) ("Federal officers, other than judges to whom a form of judicial immunity . . . attach[es] include[s] hearing officers."). Relying on that principle, the Sixth Circuit has extended judicial immunity to "other state officials engaged in adjudicative functions." *See Dean v. Byerley*, 354 F.3d at 555 (citing *Watts v. Burkhart*, 978 F.2d 269, 275-76 (6th Cir. 1992) (members of Tennessee Board of Medical Examiners were entitled to absolute immunity for actions taken during proceedings to suspend a doctor's medical license because the proceedings were adjudicative in nature) and *Ginger v. Circuit Court*, 372 F.2d 621, 625 (6th Cir. 1967) (members of the State Bar of Michigan Grievance Committee were entitled to absolutely immunity for actions taken during proceedings to revoke an attorney's law license because the disbarment proceedings were adjudicative in nature). This includes parole hearing officers engaged in adjudicative actions. *See Wright v. Rockett*, 815 F.2d 81 (6th Cir. 1987) (finding that parole hearing officer "acted in a capacity functionally comparable to a judge" and thus was absolutely immune from suit).

Under these principles and standards, there can be no doubt that Laws-Wright is entitled to absolute immunity from Gause's claim. There is no dispute that Laws-Wright was a parole hearing officer, and that Gause's claim against her arises out of adjudicative acts – her holding

8

the parole revocation hearing and finding Gause guilty on the charges. Therefore, Defendant Laws-Wright is absolutely immune from suit, and Gause's complaint against her should be dismissed. *Id.*

### b. Defendant Clothier is Entitled to Absolute Immunity

Defendant Clothier also argues that he is entitled to absolute immunity. Clothier asserts, and Gause does not dispute, that his role as a parole officer is akin to that of a prosecutor, in that he is "expected to independently evaluate each complaint of parole violation, assess the sufficiency of available proofs, prepare the State's case through such research as is necessary, and then present the evidence to an administrative law examiner in general conformance with the rules of evidence." (Clothier Affidavit ¶1). Prosecutors are entitled to absolute immunity for actions taken in that role. *See Imbler v. Pachtman*, 424 U.S. 409 (1976) (holding that state prosecutors are entitled to absolute immunity when performing functions which are prosecutorial in nature).

However, whether or not a party is entitled to immunity is not premised upon the title, but the function in which the individual engages. *Williams v. Caruso*, No. 08-10044, 2009 U.S. Dist. LEXIS 13216, *40-41 n.9 (E.D. Mich. March 17, 2009) *adopted by* 2009 U.S. Dist. LEXIS 30376 (E.D. Mich. Apr. 6, 2009) (noting that the test for immunity is a functional one). While Clothier is not officially a "prosecutor," his challenged conduct here – representing the State in connection with the parole charges against Gause – is sufficiently similar to that of a prosecutor that he is entitled to absolute immunity from Gause's claims. *See Williams v.* 2009 U.S. Dist. LEXIS 13216, *40-42 (holding parole field agent entitled to absolute immunity where role was that of a prosecutor in parole revocation hearing). Gause's argument that Clothier acted out of a personal animus toward his is immaterial. *Dean*, 354 F.3d at 554 ("The defense of absolute

9

immunity provides a shield from liability for acts performed erroneously, *even if alleged to have been done maliciously or corruptly*.") (emphasis added). Thus, Gause's complaint against him should be dismissed.[5]

### c. Defendant Ellis is Entitled to Qualified Immunity

Defendant Ellis argues that she is entitled to qualified immunity. Under the doctrine of qualified immunity, governmental officials performing discretionary functions are shielded from civil liability unless their conduct violates a clearly established constitutional right. *See Harlow*, 457 U.S. at 818. Qualified immunity is premised upon the avoidance of unnecessary burdens of litigation, and therefore the privilege is immunity from suit and not a mere defense to liability. *See Saucier v. Katz*, 533 U.S. 194, 200 (2001). Determining the applicability of qualified immunity requires a two-step inquiry into whether the facts, when viewed in the light most favorable to the plaintiff, would permit a reasonable juror to find that: (1) the defendant violated a constitutional right; and (2) the right was clearly established. *See Saucier*, 533 U.S. 194, 201 (2001). In conducting this inquiry, the Court is "permitted to exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *see also Bishop v. Hackel*, 636 F.3d 757, 772 (6th Cir. 2011). With respect to the second prong of the test for qualified immunity, "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation that he confronted." *Saucier*, 533 U.S. at 202.

Here, the Court may begin and end its inquiry at the first prong, as Ellis's actions in this

---

[5] Because the Court recommends that Gause's complaint against defendant Clothier be dismissed on grounds of absolute immunity, the Court does not address Clothier's alternative argument that he is protected by qualified immunity from Gause's suit.

case did not violate Gause's constitutional rights. Gause asserts that defendant Ellis violated his rights in re-charging him after the dismissal of the original charges (which the Court interprets as raising a Double Jeopardy Clause claim), and in "allowing" his right to confrontation to be violated at the second hearing (which the Court interprets as a Confrontation Clause claim).

With regard to Ellis's re-charging of Gause, the Court finds that double jeopardy does not apply here. The Fifth Amendment's Double Jeopardy Clause provides that "no person shall be subject for the same offense to be twice put in jeopardy." U.S. Const. amend. V. However, "it does not prohibit the imposition of all additional sanctions that could, in common parlance, be described as punishment . . .The Clause protects only against the imposition of multiple *criminal* punishments for the same offense." *Hudson v. United States*, 522 U.S. 93, 98-99 (1997). The Supreme Court has held that parole revocation hearings are not part of a criminal prosecution. *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). Thus, "jeopardy" under the Fifth Amendment does not attach to those proceedings. *Wilson v. Mitchell*, 61 Fed. Appx. 944, 946-47 (6th Cir. 2003) (revocation of parole for certain conduct after a hearing does not preclude the state from pursuing additional criminal charges based on that same conduct); *see also People v. Johnson*, 191 Mich. App. 222, 226 (1991) (acquittal in probation revocation hearing does not bar criminal trial on underlying offense). Since the dismissal of Gause's parole revocation charges would not have affected the State's right to pursue criminal charges based on his underlying conduct, it could not have affected the State's right to re-institute the parole revocation charges. Gause "was therefore not subjected to 'jeopardy' within the meaning of the constitutional provision," and thus Ellis's recharging of him could not constitute double jeopardy. *People v. Marrow*, 210 Mich. App 455, 465 (Mich. App. Ct. 1995) citing *People v. Johnson*, 191 Mich. App. 222, 226 (Mich. App. Ct. 1991).

Furthermore, even if jeopardy could attach to a parole revocation proceeding, it did not attach to the proceeding at issue here. Gause's charges were dismissed at the first hearing, for procedural reasons, prior to any consideration of their underlying merits. Therefore, jeopardy did not attach to that proceeding. *See Adkins v. Fleming*, 863 F.2d 47 (6th Cir. 1988) (subsequent reinstatement of charges previously dismissed without prejudice "presented no constitutional dilemma"). Hence, Ellis's re-charging of Gause did not violate the Double Jeopardy Clause.

With regard to Ellis's violation of Gause's right to confrontation at the second hearing, the Court notes that Gause's complaint alleges only passive actions on the part of Ellis. He alleges that that Ellis "allowed" his rights to be violated when she knew or "should have known" that he was being deprived of the opportunity to confront the witness against him. (Cplt. ¶¶ 1-2). However, in § 1983 actions, "the relevant question . . . is whether the duty to have taken some action is of such a nature that the individual's inaction will render him responsible for the constitutional harm." *Doe v. Clairborne County*, 103 F.3d. 495, 511 (6th Cir. 1996); *Weaver v. Tipton County*, 41 F. Supp. 2d 779, 793 (W.D. Tenn. 1999) (individual sued under §1983 for inaction must be alleged to have been empowered with some legal obligation to act).

Here, Gause neither alleges that Ellis had a duty to act, nor that she had any authority under which to take action in these circumstances.[6] Therefore, on the face of the complaint Ellis's alleged inaction cannot be the source of any constitutional violation. Because Ellis did not violate a clearly established constitutional right, she is entitled to qualified immunity and

---

[6] It would seem that any claim that Gause's parole violation hearing was not handled properly would be against defendant Laws-Wright, as she was presiding over that hearing as the adjudicator. However, as discussed above, Laws-Wright is absolutely immune from suit for her adjudicative acts, which would include her handling of the hearing. Accordingly, Gause's Confrontation Clause claim fails.

12

Gause's complaint against her should be dismissed.

### iii.. Defendant Allsberry is Entitled to Summary Judgment

Finally, defendant Allsberry argues that Gause's complaint against her should be dismissed because the only allegations are that she wrongfully denied his grievance. (Cplt. ¶14). The law in this Circuit is clear that the "'denial of administrative grievances or the failure to act by prison officials does not subject supervisors to liability under § 1983.'" *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Because Gause's complaint against Allsberry alleges nothing more than an wrongful denial of his grievance, it should be dismissed. *Id.*

### D. Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that Defendants' Motion for Summary Judgment **[9]** be **GRANTED** and Gause's complaint be **DISMISSED WITH PREJUDICE**.

Dated: August 13, 2013  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
  United States Magistrate Judge

### NOTICE

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail

to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the Court has on file.

s/Felicia M. Moses<br>
FELICIA M. MOSES<br>
Case Manager

Dated: August 13, 2013